SUNDIN et al, Respondents, v. JACOBSON, Appellant.

(220 N. W. 874.)

(File No. 6085. Opinion filed August 18, 1928.)

*Lyon, Bradford & Grigsby* and *Bailey & Voorhees,* all of Sioux Falls, for Appellant.

*Johnson & Simons* and *Boyce, Warren & Fairbank,* all of Sioux Falls, for Respondents.

POLLEY, J. This is an appeal from an order overruling defendant's demurrer to plaintiff's complaint. The plaintiffs are members of the board of directors of the Brandon Farmers' Elevator Company. The defendant is a stockholder in that company. The complaint alleges that, on a certain date, the stockholders of said company to the number of forty or more signed a certain written instrument which, after reciting the necessity of establishing a line of credit and borrowing money from time to time to carry on the business of the company, which loans were to be guaranteed by the members of the board of directors, contains the following provisions:

"(1)   That, in the event the said directors or officers signing, guaranteeing, indorsing or otherwise becoming responsible for loans made by the Brandon Farmers' Elevator Company, of Brandon, S. D., shall be compelled or required to take up or pay the said notes or loans, the undersigned and each of them, shall contribute to reimburse and indemnify such indorsers, signers, or guarantors, which contribution shall be made, and liability therefor is hereby assumed in the proportion that the number of shares of stock in said company held by the undersigned shall bear to the aggregate number of shares owned by the shareholders executing this agreement, including in such agreement number the shares of stock held by the directors or officers signing, guaranteeing, or otherwise becoming liable upon such notes or loans."

"(3)   The purpose and intention of the signers of this agreement is to share in and become responsible with the officers and directors of said company who personally sign, guarantee, or indorse the obligations or notes of the Brandon Farmers' Elevator

Company, of Brandon, S. D.; and the undersigned promise and agree to pay, reimburse, and indemnify such officers and directors in the proportion and to the extent herein stipulated."

The complaint alleges that the said board of directors, "had, prior to the making of said agreement, signed, indorsed, and guaranteed, and did thereafter, in consideration of the said agreement, and in reliance thereon, sign, indorse, and guarantee certain notes executed and delivered, by the said elevator company, for the purpose of establishing its credit and to procure funds sufficient to enable it to operate and conduct its business." The complaint further alleges that, as indorsers and guarantors of said notes, plaintiffs were compelled to, and did, personally take up and pay said promissory notes when they became due.

Defendants demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer is without merit. It is contended by defendant that the guaranty contract was intended to cover only indebtedness that might be created after the execution of the contract. While it is alleged in the complaint that the directors had indorsed and guaranteed notes prior to the signing of the contracts, it also alleges that they indorsed and guaranteed other notes after the signing of the contract. This is sufficient to constitute a cause of action. The amount of the liability is not material.

Appellant complains because the complaint does not state the amount of the notes that were indorsed and guaranteed after the signing of the guaranty contract. This is a matter to be reached by a motion to make more definite and certain and not by demurrer.

The order appealed from is affirmed.

BURCH, P. J., and SHERWOOD and BROWN, JJ., concur. CAMPBELL, J., absent and not sitting.